UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TAVARES HUTCHERSON,                       ) | |
|                                            ) | |
|     Plaintiff,        ) | |
|                                            ) | |
|     v.                ) | No. 2:20-cv-00194-JPH-DLP |
|                                            ) | |
| PAROLE OFFICE OF VIGO COUNTY, et al.       ) | |
|                                            ) | |
|     Defendants.        ) | |

**Order Reassessing Plaintiff's Financial Situation,
Screening and Dismissing the Complaint,
and Providing Opportunity to Amend**

**I.**

On May 13, 2020, the Court granted the plaintiff's motion to proceed *in forma pauperis* and assessed an initial partial filing fee of $3.34. On May 20, 2020, the plaintiff filed a motion to reassess his financial situation, informing the Court that he could not afford the initial partial filing fee. The motion to reassess, dkt. [10], is **granted**.

Because the Prison Litigation Reform Act mandates that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee, 28 U.S.C. § 1915(b)(4), the plaintiff will be granted a waiver of payment of the initial partial filing fee in this case.

Although the plaintiff is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

1

**II.**

The plaintiff, an inmate at Henderson County Detention Center, brings this action pursuant to 42 U.S.C. § 1983. Because the plaintiff is a "prisoner" as defined by as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

A. *Screening Standard*

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

B. *The Complaint*

On April 10, 2020, the plaintiff filed a complaint naming as defendants the Indiana Parole Board ("the Parole Board"), the Parole Office of Vigo County, and Division 1 Court of Vigo County. The plaintiff is seeking compensatory and punitive damages.

The complaint alleges that the plaintiff was wrongfully incarcerated for a parole violation on April 3, 2019, and transported to Putnamville Correctional Facility. He was not on parole at the time of his arrest. The Parole Board ordered the plaintiff released on April 24, 2019, but he remained in custody until June 28, 2019.

*C. Discussion*

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Any claims against the Parole Board and Vigo County Parole Office are **dismissed**. The Parole Board, and its district office in Vigo County, are entitled to sovereign immunity under the Eleventh Amendment, which bars private lawsuits in federal court against a state that has not consented. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). An agency of the state enjoys that same immunity. *Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016); *see also Moore v. State of Ind.*, 999 F.2d 1125, 1128-1129 (7th Cir. 1993) (citing *Pennhurst*, 465 U.S. at 100). In addition, parole board members have absolute immunity for actions taken in their capacities as parole board members. *Walrath v. United States*, 35 F.3d 277, 280 (7th Cr. 1994).

All claims against Division 1 Court of Vigo County are **dismissed** because the court is not a suable entity under Indiana law and therefore cannot be sued for constitutional violations under § 1983. *See* Ind. Code § 36–1–2–10; *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) ("liability under § 1983 'is dependent on an analysis of state law.'") (quoting *McMillian v. Monroe County*, 520 U.S. 781, 786 (1997).

## IV. Opportunity to Amend

The dismissal of the complaint will not in this instance lead to the dismissal of the action. Instead, the plaintiff shall have **through July 31, 2020, to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a

case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must include: (1) a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (2) a demand for the relief sought; and (3) a description the plaintiff's injuries and the parties responsible.

Any amended complaint should have the proper case number, 2:20-cv-00194-JPH-DLP, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED**.

Date: 7/10/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TAVARES HUTCHERSON
HENDERSON
Henderson County Detention Center
380 Borax
Henderson, KY 42420

4